ROBERT SHAW, Respondent, *v.* CHRISTINA KELLOGG, Appellant.

*Ejectment — possession under a contract of sale is subject to the conditions of the contract — verbal extension of the time of payment.*

Upon the trial of an action of ejectment it was shown that the defendant was in possession of the land in question under a contract for the sale thereof by the plaintiff to the defendant, the purchase price named in which was $1,000, payable $100 at the end of the first year, $100 two years from the date thereof, and the balance as therein further provided.

The contract also provided that upon default, for sixty days, by the defendant, in making either of the first two payments, such defendant was to quit and

surrender the possession of the premises to the plaintiff immediately upon a demand in writing therefor, and upon such default the possession of the defendant was to become the same as that of a tenant in arrear for the non-payment of rent.

*Held,* that as the only right of the defendant to the possession of the premises was derived from the contract, she was subject to the conditions imposed thereby.

Upon the trial the plaintiff testified that when the second payment became due he had an interview with the defendant, who said that she had no money and could get none; that he told her that he could not take a bank note, and that he had concluded not to let her have the land, as the second payment was forfeited and he had a right to take it back. That before he left she wanted to know whether, if she could make an arrangement for all the money between that time and the fall, he would take it, and let her have the land, to which he replied that he presumed he would be only too glad to do it.

*Held,* that such statement failed to show any valid extension of the time of payment provided for by the contract.

APPEAL by the defendant, Christina Kellogg, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Hamilton on the 4th day of October, 1892, upon the report of a referee.

*Robert Dornburgh,* for the appellant.

*Stanley H. Bevins,* for the respondent.

PUTNAM, J.:

This is an action of ejectment to recover the possession of certain lands in Hamilton county, contracted to be conveyed by plaintiff to the defendant by a written agreement, dated February 7, 1886, the defendant being in possession under said contract at the time of the commencement of the action. The purchase price named in the contract was $1,000, payable $100 at the end of the first year, $100 two years from the date thereof, and the balance of the purchase price as provided in the contract, with interest on the principal sum unpaid at the time of each payment. The contract also provided that upon default for the space of sixty days by the defendant in either of the first two payments, said defendant was to quit and surrender immediately, upon demand in writing therefor, the possession of said premises to the plaintiff, and on such default her possession was to become the same as that of a tenant in arrear for the non-

payment of rent. The referee to whom the case was referred found that the defendant made default in the payment of the second payment or installment, due February 7, 1888, and interest thereon, provided to be paid in said contract by said defendant, and that she has ever since been in default, and that nothing has since been paid to apply on the second payment or the interest due thereon. That after the expiration of the sixty days, as provided for in said contract, plaintiff served on defendant a demand in writing for the possession of said premises, as required by the contract. Thereafter, and on or about February 27, 1889, plaintiff served upon the defendant a further demand, requiring the delivery of the possession of said premises to the plaintiff, and thirty days before the commencement of the action served yet another written notice, demanding possession of said premises.

The principles applicable to such a case as this are so well settled that an extended discussion is unnecessary.

Defendant's only right to the possession of said premises was derived from the contract above referred to. By the contract on a default in the payment of either the first or second installment for the period of sixty days, and upon a demand in writing by the plaintiff for the possession of said premises, the defendant covenanted to quit and surrender up the same to the plaintiff.

There seems to be no substantial conflict in the evidence. The contract was proved; the defendant concededly was in possession under said contract, and with no rights to the possession of the premises except such as were conferred upon her by the said instrument. It was not claimed that she had made the second payment, and a proper notice or demand in writing was shown to have been served upon her by the plaintiff.

Some evidence was given on the trial tending to show a verbal extension of the time of payment by the plaintiff. The evidence, however, was such that the referee could properly find that there was no valid extension of time. The plaintiff was sworn on the trial, and testified that when the second payment became due, he had an interview with the defendant, who said " she had no money and could get none." " I told her I could not take a bank note. That I had concluded not to let her have the land, as the second payment was forfeited, and I had a right to take it back. Before I

left, she wanted to know if she made an arrangement for all the money between then and fall, I would take it and let her have the land. I replied that I presumed that I would only be too glad to do it."

The referee was authorized to believe this statement of the plaintiff, and it failed to show any valid extension of the time of payment. It showed merely a suggestion of defendant as to an alteration of the contract which she might be able to make. To that suggestion plaintiff answered that he presumed he would only be too glad to do it. This was no agreement to extend the time of payment. The question as to whether there was any verbal extension of the time of payment was a question of fact passed on by the learned referee, and the evidence is such that we would not be authorized to disturb his conclusion.

We have carefully considered the rulings made by the learned referee on the trial, to which exceptions were taken by the defendant, and are of the opinion that there was no material error in any of said rulings which requires a reversal of the judgment.

The judgment should be affirmed, with costs.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment affirmed, with costs.